United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Marine Diesel Specialists, Inc., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 18-60037-Civ-Scola |
| ) | |
| M/Y "BG3" and MM Boats, LLC., ) | |
| Defendants. ) | |

## **Order Granting Motion to Vacate Clerk's Default**

The Defendant M/Y "BG3" has moved to vacate the Clerk's default that was entered against it on April 9, 2018. (Mot., ECF No. 30.) Although the motion indicates that the Plaintiff opposes the relief sought, the Plaintiff has not filed a response.

"It is the general rule that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible." *Creative Tile Mktg., Inc. v. SICIS Int'l*, 922 F. Supp. 1534, 1536 (S.D. Fla. 1996) (Moore, J.). A court may set aside a clerk's default for good cause shown. Fed. R. Civ. P. 55(c); *see also Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Avacion*, 88 F. 3d 948, 951 (11th Cir. 1996). "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." *Id.* To determine whether good cause exists, the Court may consider (1) whether the defaulting party presents a meritorious defense; (2) whether the default was culpable or willful; and (3) whether setting it aside would prejudice the adversary. *Id.*

Upon review, the Court finds that good cause exists to set aside the clerk's default. The Defendant's conduct does not rise to the level of willfulness, and it acted within a reasonable time to vacate the entry of default. *See Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1202 (11th Cir. 1999) ("'excusable neglect' is understood to encompass . . . negligence" as well as innocent oversight) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993)); *Griffin IT Media*, 2008 WL 162754, at *2 (setting aside default because even inexcusable neglect was not willful or culpable, and the defendant acted in a reasonable time to vacate the entry of default). In addition, there is no evidence that the Plaintiff will suffer any

prejudice if the default is vacated. The case is in the early stages of litigation, and the Defendant clearly wishes to defend it.

Accordingly, the Court **grants** M/Y "BG3"'s motion to vacate the Clerk's entry of default (**ECF No. 30**). The Defendant shall file its response to the Amended Complaint (ECF No. 17) on or before **May 11, 2018**.

**Done and ordered** at Miami, Florida on May 7, 2018.

Robert N. Scola, Jr.
United States District Judge